*W. S. Darnaby, for appellant.     A. Duvall, for appellees.*

---

WILLIAM BRIGHTWELL *v.* MARY BRIGHTWELL'S ADM'R, ET AL.

**Husband and Wife—Separate Estate of Wife—Marriage Contract.**

Where the wife has a separate estate in land at her death the husband will inherit, unless there is something in the antenuptial contract to prevent.

APPEAL FROM FRANKLIN CIRCUIT COURT.

October 26, 1877.

OPINION BY JUDGE LINDSAY:

The residue of the estate of Richard Johnson was to be equally divided between Sally Johnson and Mary Brightwell, and William Brightwell was to have "no interest or control" of that portion devised to his wife, Mary. This created in her a separate estate, and except for the contract entered into between the husband and wife at or after their second marriage, he would have taken all this property as surviving husband and distributee.

The devise did not create an estate over in favor of anyone after the death of Mary Brightwell. She took the absolute title, and was protected during life against the marital rights of her husband, but this protection necessarily ceased with her death, and the testator did not provide, nor attempt to provide, that anyone else should then take in preference to the husband.

But the marriage contract does stand in the way of appellant taking more than a life estate in this property. He does not seek to avoid the legal effects of his deed, but is willing to stand by and carry out the contract. If appellees are right in their claim, that because the contract was not reduced to writing till after the second marriage the agreement is void as to their mother, then, there being a total failure of consideration, the deed should be set aside and the title to the land restored to appellant.

But the latter still elects to stand by this nuptial agreement, and he must be allowed either to enjoy its benefits or be relieved against its obligations.

Judgment *reversed* and cause remanded with instructions to dismiss appellees' petition.

*A. J. James, for appellant.*

*J. A. and J. W. Rodman, Lindseys, for appellees.*